UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NEUROLOGY AND PAIN MANAGEMENT ASSOCIATES, P.C., d/b/a Vanguard Eldercare Medical Group,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY BUNIN and BIO-BEHAVIORAL CARE SOLUTIONS, LLC,<br><br>Defendants. | CAUSE NO. 3:17-CV-35 DRL |

OPINION AND ORDER

Neurology and Pain Management Associates, P.C. (d/b/a Vanguard Eldercare Medical Group) and Steven Posar (together, Vanguard) ask the court to dismiss Bio-Behavioral Care Solutions, LLC's promissory estoppel counterclaim against Vanguard and same claim against Mr. Posar (a third-party defendat) under Federal Rule of Civil Procedure 12(c), or alternatively to reconsider the court's second summary judgment ruling (via the former presider). The court denies the motion.

Rule 12(c) allows a party to file a motion for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. A motion under Rule 12(c) must be treated as a motion for summary judgment under Rule 56 if matters outside the pleadings are presented to the court. Fed. R. Civ. P. 12(d). Vanguard's motion relies on the court's second summary judgment ruling. This motion thus falls outside Rule 12(c) and even Rule 56, and instead fits neatly in Rule 54(b) as a motion to reconsider.[1]

"[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all

---

[1] BCS argues that this motion is untimely, as summary judgment motions were due by March 23, 2020 [93]. But this is a motion to reconsider a summary judgment ruling that does not fall under that deadline.

the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A motion to reconsider is appropriate when the court patently misunderstands a party, or makes a decision outside the adversarial issues presented by the parties, or makes an error of apprehension, not of reasoning, or addresses a controlling or significant change in the law or facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* These motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004).

Vanguard asks the court to reconsider its ruling that BCS's promissory estoppel claim survives.[2] Vanguard argues that because the court held that the restrictive covenant at issue violated Indiana public policy (and thus dismissed a breach of contract claim based on that covenant), the court must dismiss the promissory estoppel claim that Vanguard argues is based on that same covenant because equitable principles such as estoppel cannot be invoked to enforce an agreement that is void as a matter of public policy. *See Millet v. Aetna Tr. & Sav. Co.*, 122 N.E. 344, 346-47 (Ind. Ct. App. 1919) (a contract "void as against public policy" cannot "be rendered valid by invoking the doctrine of estoppel"). Vanguard didn't make this argument before, so the court could not have misapprehended it. Nor is reconsideration the time to make new arguments that could have been presented before. The court will not address reconsideration on a *seriatim* basis. The court also will not revisit a statute of frauds issue that the prior presider addressed soundly in waiver.

---

[2] Of note, this ruling was the second time the court (through a prior presider) held that the promissory estoppel claim survived summary judgment [*see also* 112 at 36-38].

CONCLUSION

Accordingly, the court DENIES the motion to reconsider the summary judgment ruling [151].

SO ORDERED.

February 8, 2024
*s/ Damon R. Leichty*
Judge, United States District Court