UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NEUROLOGY AND PAIN MANAGEMENT ASSOCIATES, P.C., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:17-CV-35 DRL |
| ANTHONY BUNIN *et al.*, | |
| Defendants. | |

OPINION AND ORDER

On March 11, 2024, Neurology and Pain Management Associates, P.C. (d/b/a Vanguard Eldercare) and Dr. Steven Posar (together Vanguard) filed a motion *in limine* to prohibit Bio-Behavioral Care Solutions, LLC (BCS) from introducing damages evidence. BCS objected. The court heard argument on this motion at the final pretrial conference on March 25, 2024. Because this motion illustrates that BCS lacks standing, the court dismisses BCS's claim—the only claim left at this point.[1]

Vanguard asks the court to prohibit BCS from introducing any evidence of damages for BCS's promissory estoppel claim because the only damages BCS seeks—lost profits—are not recoverable in a promissory estoppel action and would be irrelevant and unduly confusing and delaying of this trial. Other categories of damages would be untimely disclosed at this point, Vanguard adds. BCS argues that Vanguard's motion is an untimely summary judgment motion. It isn't. Vanguard argues for the exclusion of certain damages evidence. The practical result may be an evisceration of BCS's case, but Vanguard has the right to request the exclusion of evidence.

The court first turns to BCS's only requested category of damages—lost profits. BCS seeks the profits it would have earned if Vanguard had not solicited the contracts of seven health care facilities that

---

[1] On April 1, 2024, Vanguard and Dr. Bunin filed a notice of settlement [183], leaving BCS's promissory estoppel claim as the only claim remaining in the case.

were under contract with BCS, citing the profits Vanguard earned from those facilities. "[I]n Indiana, as in most other states, promissory estoppel does not support lost-profit damages." *Creative Demos, Inc. v. Wal-Mart Stores, Inc.*, 142 F.3d 367, 369 (7th Cir. 1998). "If a party has established the elements of promissory estoppel, 'justice does not require the award of lost profits.'" *AgReliant Genetics LLC v. Gary Hamstra Farms Inc.*, 213 N.E.3d 1087, 1098 (Ind. Ct. App. 2023). "[D]amages such as are required to prevent injustice are those referred to as 'reliance damages.'" *First Nat'l Bank v. Logan Mfg. Co.*, 577 N.E.2d 949, 956 (Ind. 1991). Reliance damages put the plaintiff "in as good a position as [the plaintiff] would have been in had the [promise] not been made." *Designer Direct, Inc. v. Deforest Redevelopment Auth.*, 368 F.3d 751, 752 (7th Cir. 2004). Such damages include "out-of-pocket expenditures incurred in preparation or performance of" a promise or damages suffered "under a theory of lost opportunity." *Id.*

BCS hasn't argued a theory of lost opportunity or sought out-of-pocket expenses made in reliance on Vanguard's promise, nor has it sought such damages. BCS reads *AgReliant* to allow for lost profits, though *AgReliant* holds that lost profits aren't recoverable: the "Supreme Court has clearly held that only reliance damages are recoverable under a theory of promissory estoppel, and we are bound by this holding." *AgReliant*, 213 N.E.3d at 1098. The *AgReliant* defendant argued that the court should remand with instructions that the trial court should enter an award of zero damages because the plaintiff there didn't present any reliance damages at trial. *Id.* at 1099. The court held instead:

> This would obviously frustrate the purpose of the equitable remedy of promissory estoppel. The [plaintiffs] would have a victory in name only—a favorable judgment under a theory of promissory estoppel with no recoverable damages. The [plaintiffs] testified that, based on their reliance on [the defendant's] promises, they lost the opportunity to receive certain discounts on seed and chemicals they would have otherwise been able to receive by purchasing such products earlier.
>
> Under these particular facts and circumstances, we opt to remand this cause for the trial court to properly determine the damages incurred by the [plaintiffs] based upon their reliance on [the defendant's] promises.

*Id.*

BCS interprets this discussion to mean that promissory estoppel plaintiffs can seek any damages resulting from the broken promise. That isn't what *AgReliant* says. *AgReliant* simply remanded the case for the court to consider reliance damages in lieu of lost profits, not sanctioning an award of lost profits. *AgReliant* held that the plaintiffs "could recover damages based only on their reliance on [the defendant's] alleged promises—not the profits they would have realized had they grown seed corn for [the defendant] in 2018." 213 N.E.3d at 1098. So too here—BCS may recover only for damages incurred in reliance on Vanguard's promise not to compete, but not for any profits BCS would have realized had there been no such promise in place and BCS acted accordingly.

BCS also cites *Jarboe v. Landmark Cmty. Newspapers*, 644 N.E.2d 118, 121 (Ind. 1994), which notes that "[u]nless there is unjust enrichment of the promisor, damages should not put the promisee in a better position than performance of the promise would have put him." BCS argues that Vanguard was unjustly enriched, entitling it to more than reliance damages. But *Jarboe* still held that "the remedy is limited to damages actually resulting from the detrimental reliance." *Id.* at 122; *see also Hrezo v. City of Lawrenceburg*, 934 N.E.2d 1221, 1231 (Ind. Ct. App. 2010) (though an unconscionable injury may remove a promissory estoppel claim from the Statute of Frauds, a "successful party is entitled to reliance damages only; compensation may not be sought for expectancy injuries or restitution/quantum meruit based upon the use of promissory estoppel to defeat the Statute of Frauds."). Lost profits are not available, and any such evidence is irrelevant and must be excluded.

Vanguard argues that BCS should be prohibited from offering any other evidence of damages because such damages would be untimely disclosed at this point. BCS does not respond to this argument, instead placing all of its apples in the lost profits basket. Rule 26(a)(1)(A)(iii) requires each party to provide "a computation of each category of damages claimed by the disclosing party" along with supporting documentation. Discovery closed on January 31, 2020, and BCS has not identified any other damages. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is

not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition, BCS identifies no other damages in the final pretrial order, and it has made no showing of manifest injustice to amend it now, particularly after the court engaged BCS on this subject at the final pretrial conference. *See* Fed. R. Civ. P. 16(e).

Without any recoverable damages on the eve of trial, the court must address next steps. This case cannot proceed to trial for two reasons, though only the first reason provides the grounds for dismissal today. The first reason is standing. "Because standing is an essential ingredient of subject-matter jurisdiction, it must be secured at each stage of the litigation." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). The United States Constitution confines the judiciary's power to "Cases" and "Controversies." U.S. Const. art. III, § 2. For a case or controversy to exist, a plaintiff must have standing—an injury, fairly traceable to the defendant's conduct, that the court's decision will likely redress. *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 797 (2021); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "Redressability examines the causal connection between the alleged injury and the judicial relief requested with the focus on the requested relief." *Cabral v. City of Evansville*, 759 F.3d 639, 642 (7th Cir. 2014) (quotation marks omitted).

The court "may dismiss a case *sua sponte* for lack of Article III standing." *Metallgesellschaft AG v. Sumitomo Corp. of Am.*, 325 F.3d 836, 842 (7th Cir. 2003). The court generally shouldn't dismiss a complaint for lack of subject matter jurisdiction without first providing the plaintiff notice and a hearing or an opportunity to amend "unless the jurisdictional defect is incurable." *United States v. Furando*, 40 F.4th 567, 579 (7th Cir. 2022). BCS has had seven years to put together its damages case. It is too late to put it together now, particularly on the eve of trial, making the redressability defect incurable. Even if BCS suffered lost profits on account of Vanguard's promise, there is nothing the court can do to remedy that harm under the law. "Without a redressable injury, [BCS] lacks Article III standing to press this claim."

4

*Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017). BCS's promissory estoppel case must be dismissed without prejudice. *White v. Ill. State Police*, 15 F.4th 801, 808 (7th Cir. 2021) ("dismissal on standing grounds can never be with prejudice").

The second reason for disposing of this case—though merely an alternative reason because the resolution of BCS's claim ends on jurisdictional grounds—is summary judgment. The court may revisit its prior summary judgment rulings at any time. Fed. R. Civ. P. 54(b); *see also* Fed. R. Civ. P. 56(f). "There is no point in litigating a case if the plaintiff is unprepared to demonstrate loss." *Transp. & Transit Assocs. v. Morrison Knudsen Corp.*, 255 F.3d 397, 401 (7th Cir. 2001) (affirming summary judgment). Just so here. Notice normally would be required because this addresses a new issue from the summary judgment record, but BCS at this point has had numerous opportunities to address the point of it. Vanguard would be entitled to summary judgment on BCS's promissory estoppel claim because lost profits are not recoverable under Indiana law. BCS has had seven years to put its damages case together and cannot maintain its pursuit of unrecoverable damages, not least in front of a jury giving its time and attention to a case with no rights at stake. The court thus would alternatively dispose of this case on summary judgment regardless of the absence of standing.

## CONCLUSION

Accordingly, the court GRANTS Vanguard and Dr. Posar's motion *in limine* as to the issue of damages evidence only (all other issues being moot) [172], DISMISSES BCS's promissory estoppel claim without prejudice for lack of standing, DENIES AS MOOT BCS's motion *in limine* [159], BCS's motion to supplement [168], and Dr. Bunin's motion *in limine* [162]. The court ORDERS Dr. Bunin and Vanguard to file their dismissal papers by May 3, 2024. The court VACATES the April 16, 2024 trial date.

SO ORDERED.

April 3, 2024                                                  *s/ Damon R. Leichty*
                                                                             Judge, United States District Court

5